H. E. Jackson, Sp. J.,
delivered the opinion of the court:
Tbis bill is filed to enjoin a judgment of' tbe municipal court of Memphis, in favor of the defendants, Edmonds, Pettigrew & Co., against the complainant.
The record presents the following state of facts: The defendants, Edmonds, Pettigrew & Co., on the 8th of January, 1868, sued out an attachment returnable before a justice of the peace of.Shelby county, against Simon Loeb, in a claim of $89.25 due by account.
The attachment was levied upon certain personal effeds, the property of said Loeb, and in addition thereto garnishment was served on A. G-. Marshutz (the complainant), requiring him to appear before said justice of the peace, and answer on oath such questions as might be asked him touching his indebtedness to said Loeb, and in relation to property or effects of said Loeb in his hands. The plaintiffs in the attachment filed written interrogatories to be answered by said garnishee, which simply required him to answer whether he was indebted to the defendant Loeb at any time since the 1st of January, 1868, or previous thereto; if so, what amount, on what account, and if paid, in what manner. The garnishee answered in writing that he had purchased a stock of goods from Simon Loeb on 1st of January, 1868, for the sum of $1,250; that said Loeb was indebted to the firm of Mayer, Marshutz & Co., to the amount of $1,660, and that the $1,250 purchase money for said goods was paid by him to said firm on said Loeb’s indebtedness to them.
On this answer the justice dismissed the garnishment at plaintiffs'’ costs. The plaintiffs appealed from the judgment to the municipal court. The garnishee sometime afterwards, and without any notice of this appeal having been taken, removed to the State of New York.
A.t the September term, 1868, of the municipal court, an order was entered in the cause, dated October 9, 1868, allowing said garnishee until Saturdáy, the 18th, 1868, *350 to file an amended answer, and on failure to do so declaring that judgment final would be rendered against bim on his answer already on file (being the answer taken before the justice). On the 24th of October, 1868, the garnishee haying failed to avail himself of the leave granted to amend his answer, the court proceeded to render judgment against the said A. G. Marshutz. but left the amount of the judgment blank.
At a subsequent term, on the 12th of January, 1869, the court made an entry in the cause reciting that the amount -had been left blank in the judgment of October 24th, 1868, and ordering said blank to be filled with the sum of $17, being satisfied from the garnishee’s answer on file that he was indebted to the defendants to that amount.
It does not appear that the garnishee had any notice of this proceeding at tho January term, 1869, to correct said judgment of October 24th, 1868, and he files the present bill to enjoin said judgment.
It is well settled under our decisions that after the adjournment of a term of court, its records cannot, at a subsequent term, be, in any way, altered, changed, or corrected, unless for some mistake appearing on the face of record, or proceedings in the case. [Elliot v. Cochran], 1 Cold., 389; [State v. Disney], 5 Sneed, 598.
Under sec. 2877 of the Code, courts may, within twelve months, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree when there is sufficient matter apparent on the record, the papers in the cause, or entries of the presiding judge to amend by.
In the present case the court assumes to correct the judgment of October 24th, 1868, not from any entry of the presiding judge, or any matter apparent on the record, but alone from the answer filed by the garnishee before the justice of the peace. This answer did not warrant any *351 judgment against tbe garnishee in tbe first instance, and it was clearly insufficient, to authorize-the attempted correction of that judgment at a subsequent term and without notice. We are of tbe opinion that said judgment was Yoid, and as such could be properly enjoined under our authorities. [Bell v. Williams], 1 Head, 229; [Ridgeway v. Bank], 11 Hum., 523; [Ingle v. McCurry], 1 Heis., 26.
Tbe chancellor so decreed, and we affirm his judgment with costs.